UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENTURE TRUST 2013-1-NH BY MCM CAPITAL PARTNERS, LLC ITS TRUSTEE,<br><br>                              Plaintiff,<br><br>v.<br><br>DOLORES JANE MUOIO, JOHN A MUOIO, and DOES 1 through 5, inclusive,<br><br>                            Defendants. | Case No15cv2519 AJB (JMA)<br><br>**ORDER:**<br><br>**(1) SUA SPONTE REMANDING FOR LACK OF SUBJECT MATTER JURISDICTION, (Doc. No. 1); AND**<br><br>**(2) DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS, (Doc. No. 3)** |

**INTRODUCTION**

On August 10, 2015, Plaintiff Ventures Trust ("Plaintiff") filed an unlawful detainer action against Defendants Dolores and John Muoio in San Diego County Superior Court. (Doc. No. 1-2.) On November 6, 2015, John Muoio ("Defendant") removed the action to this court, asserting federal jurisdiction is appropriate. (Doc. No. 1.) Concurrently with the notice of removal, Defendant filed a motion to proceed in forma pauperis. (Doc. No. 3.) Upon review of the documents presently before the Court, the Court finds it lacks subject matter jurisdiction over the action and **REMANDS** this case to San Diego County Superior Court. As such, the Court also **DENIES AS MOOT** Defendant's motion to proceed *in forma pauperis*.

## LEGAL STANDARD

Removal jurisdiction is governed by statute. *See* 28 U.S.C. § 1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

## DISCUSSION

**A. Federal Jurisdiction**

In order for removal to be proper on the basis of federal question jurisdiction, Defendant must show that Plaintiff's "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

On the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. (*See* Doc. No. X.); *see also Lapeen*, 2011 WL 2194117, *3

1  ("an unlawful detainer action, on its face, does not arise under federal law but is purely a
2  creature of California law") (citing *Wescom Credit Union v. Dudley*, No. 10-8203, 2010
3  WL 4916578, *2 (C.D. Cal. Nov. 22, 2010). Whatever federal questions Defendant might
4  raise in defense to the unlawful detainer action are insufficient to confer removal
5  jurisdiction over it. *See, e.g., U.S. Bank, N.A. v. Barcenas*, 2012 U.S. Dist. LEXIS
6  173586, at *1 (C.D. Cal. Dec. 5, 2012) ("Because this is an unlawful detainer action, a
7  federal question does not present itself."); *Aurora Loan Servs. v. Orozco*, 2012 U.S. Dist.
8  LEXIS 172200, at *3–4 (C.D. Cal. Dec. 3, 2012) (explaining that unlawful detainer
9  actions are purely matters of state law and that "any federal defense Defendant raises is
10 irrelevant with regard to jurisdiction").

Plaintiff's right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law. Rather, Plaintiff is entitled to judgment upon establishing that the requisite three-day notice to pay or quit was served on Defendant as required by California Code of Civil Procedure § 1161(3). *Long Beach Brethren Manor, Inc. v. Leverett*, 239 Cal. App. 4th Supp. 24, 28-29 (Cal. App. Dep't Super. Ct. 2015). Accordingly, due to the absence of a federal claim or substantial question of federal law, Defendant has not shown that the Court has jurisdiction based on a federal question under 28 U.S.C. § 1331.

**B. *In Forma Pauperis* Application**

Because the Court has determined it does not have subject matter jurisdiction over this action, it hereby **DENIES AS MOOT** Defendant's motion to proceed in forma pauperis.

## CONCLUSION

As set forth more thoroughly above, the Court DISMISSES this action for lack of jurisdiction and sua sponte **REMANDS** this matter to San Diego County Superior Court.

//
//
//

1  Accordingly, Defendant's motion to proceed *in forma pauperis* is **DENIED AS MOOT**.
2  The Clerk of Court is instructed to remand this action and close the case.
3  **IT IS SO ORDERED**.

Dated: November 24, 2015

_____
Hon. Anthony J. Battaglia
United States District Judge